OPINION
{¶ 1} On December 11, 2000, Defendant Paul Latham was convicted on his guilty plea of non-support of his dependents, R.C. 2919.21(B), a felony of the fifth degree. The trial court sentenced Defendant to five years of community control sanctions with several special conditions, including that Defendant comply with all child support orders and pay arrearages.
 {¶ 2} On November 14, 2002, Defendant appeared in court on several probation violations. Defendant admitted the violations, and the trial court reimposed the five years of community control with special conditions. On January 23, 2006, Defendant again appeared before the court for another probation violation, failure to pay court ordered child support. Defendant admitted that violation, and the trial court revoked Defendant's community control and sentenced him to ten months imprisonment. The trial court's sentencing entry was filed on January 27, 2006.
 {¶ 3} Defendant appealed to this court from the trial court's revocation of his community control and the imposition of a ten month prison sentence.[1] Defendant's appellate counsel filed an Anders brief, Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, claiming that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him an opportunity to file a pro se brief. None has been received. This case is now before us for our independent review of the record.Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300.
 {¶ 4} Defendant's appellate counsel identified one potential issue for review that concerns a discrepancy between the January 23, 2006, sentencing hearing in which the trial court sentenced Defendant to ten months imprisonment and the court's January 27, 2006, sentencing entry wherein the court sentenced Defendant to eleven months imprisonment. However, appellate counsel brought this discrepancy to the trial court's attention, and on April 4, 2006, the trial court corrected this error by issuing a Nunc Pro Tunc Sentence Entry, clarifying that Defendant's sentence is ten months imprisonment. The trial court's correction of this discrepancy in the sentence it imposed, prior to the June 6, 2006 date on which Defendant-Appellant's delayed appeal was filed, renders moot the particular error Defendant's appellate counsel identified in his appellate brief.
 {¶ 5} Furthermore, our independent review of the record of the trial court's proceedings has not revealed any errors having arguable merit. Therefore, the judgment of the trial court will be affirmed.
Brogan, J. And Donovan, J., concur.
[1] Defendant's notice of appeal was filed on March 10, 2006. It was not timely in relation to the judgment the trial court journalized on January 27, 2006. However, we subsequently construed a letter from Defendant-Appellant that we received on June 6, 2006, to be an App.R. 5(A) motion for delayed appeal, and we granted the motion. Therefore, his appeal was filed as of that date, not March 10, 2006.